**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-10255 |
| Plaintiff - Appellee, | D.C. No. CR-05-00858-FRZ |
| v. | |
| LUIS ALBERTO MONTOYA-CAMPILLO, | MEMORANDUM * |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted February 16, 2010**

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Luis Alberto Montoya-Campillo appeals from the 121-month sentence

imposed following his guilty-plea conviction for possession with intent to

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

SZ/Research

distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and importation of methamphetamine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(1)(H).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Montoya-Campillo contends that the district court erred when it denied his request for a minor role adjustment, pursuant to U.S.S.G. § 3B1.2(b).  The record indicates that the district court applied the correct legal standards and did not clearly err by denying the adjustment.  *See United States v. Cantrell*, 433 F.3d 1269, 1282-83 (9th Cir. 2006); *see also United States v. Lui*, 941 F.2d 844, 849 (9th Cir. 1991); *United States v. Hursh*, 217 F.3d 761, 770 (9th Cir. 2000).

Montoya-Campillo also contends that the district court plainly erred when it concluded that it lacked the authority to review the government's refusal to move for a third point adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b).  This contention lacks merit because Montoya-Campillo has not alleged that the government acted arbitrarily or with an unconstitutional motive. *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1137-38 (9th Cir. 2006).

Montoya-Campillo next contends that the district court procedurally erred by: (1) failing to consider and explain why it rejected his argument about aberrant conduct; and (2) placing excessive weight on the seriousness of the offense and the

advisory Guidelines range. He also contends that his sentence is substantively unreasonable. The record indicates that the district court did not procedurally err, and that the sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

The government's "Motion to Strike Defendant's F.R.A.P. 28(j) Letter of Supplemental Authorities" is denied. *See* 9th Cir. Rule 28-6. Montoya-Campillo's request to strike the government's motion is also denied.

**AFFIRMED.**